**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DANIELLA BONHOMME; TATIANA POULARD; AMINIQUE KIRNON; SELINA SACASA; and QUANTAVIA GRANT,<br><br>Plaintiffs,<br><br>v.<br><br>DENNY'S, INC., GILLS BLOOMSBURG INC. d/b/a DENNY'S, DENNY'S CORPORATION, and DFO, LLC,<br><br>Defendants. | No. 4:25-CV-02094<br><br>(Chief Judge Brann) |

**MEMORANDUM OPINION**

**AUGUST 5, 2026**

## I. BACKGROUND

Plaintiffs Daniella Bonhomme, Tatiana Poulard, Aminique Kirnon ("Kirnon"), Selina Sacasa, and Quantavia Grant (collectively, "Plaintiffs"), filed a three-count first amended[1] complaint against Defendants Denny's Inc. ("Denny's Inc.), Gills Bloomsburg Inc. doing business as Denny's ("Gills Bloomsburg"), Denny's Corporation ("Denny's Corp.") and the franchisor of Denny's Corp. "DFO, LLC" ("DFO") (collectively, "Defendants") for claims arising out of Plaintiffs' experience

1 Plaintiffs filed their initial complaint in November of 2025, then, after Defendants moved to dismiss and strike Plaintiffs' complaint, voluntarily filed an amended complaint on January 26, 2026. *See* Docs. 1, 12, 18, 25.

being turned away from Defendants' restaurant on January 14, 2024.[2] Plaintiffs brought Count I under 42 U.S.C. § 1981 for interference with Plaintiffs' right to contract, Count II under Title II of the Civil Rights Act of 1964, and Count III for Race Discrimination in violation of the Pennsylvania Human Rights Act ("PHRA").

Defendant Gills Bloomsburg moved to strike certain allegations from Plaintiffs' pleading pursuant to Federal Rule of Civil Procedure 12(f)[3] and Defendants collectively moved to dismiss Plaintiffs' first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[4] The motions are now ripe for disposition; for the reasons that follow, Gills Bloomsburg's motion to strike is denied, and Defendants' motion to dismiss is granted without prejudice.

## II. LAW

### A. Motion to Dismiss Standard

Under Federal Rule of Civil Procedure 12(b)(6), courts dismiss a complaint, in whole or in part, if the plaintiff fails to "state a claim upon which relief can be granted." Following the landmark decisions of *Bell Atlantic Corp. v. Twombly*[5] and *Ashcroft v. Iqbal*,[6] "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7] The United States Court of Appeals for the Third Circuit has instructed that "[u]nder the

---

2 Doc. 25 (Amend. Compl.).
3 Doc. 35 (Mot. to Strike).
4 Doc. 43 (Mot. to Dismiss).
5 550 U.S. 544 (2007).
6 556 U.S. 662 (2009).
7 *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps": (1) "take note of the elements the plaintiff must plead to state a claim"; (2) "identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth"; and (3) "assume the[] veracity" of all "well-pleaded factual allegations" and then "determine whether they plausibly give rise to an entitlement to relief."[8]

**B. Facts Alleged in the Amended Complaint**

The facts alleged in the amended complaint, which this Court must accept as true for the purposes of this motion, are as follows.

Plaintiffs were taking a trip through Pennsylvania on January 14, 2024 when they decided to visit a Denny's franchise restaurant in Bloomsburg, Pennsylvania ("the restaurant").[9] This Denny's-styled restaurant used the Denny's branding, with logos displayed on several signs around the exterior of the building and waitstaff wearing nametags that said "Denny's," but the restaurant is in actuality operated by Denny's franchisee Gills Bloomsburg.[10]

Upon Plaintiffs' arrival, Defendants' white employee Paige Wright ("Wright") "aggressively cut off" Plaintiffs at the door and "denied [Plaintiffs] entry and service."[11] Wright informed Plaintiffs that they could not be served because the lights in the

8 *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal quotations and citations omitted).

9 Doc. 25 at ¶¶ 36, 37.

10 Doc. 25 at ¶¶ 18, 37, 39, 42, 44.

11 Doc. 25 at ¶ 43.

restaurant were "flickering."[12] Plaintiffs asked to use the restroom, and, when they entered the store, noticed no flickering lights or power problems.[13] Moreover, there were white patrons seated at tables being served.[14]

Plaintiffs recorded a video in the restaurant to show that the lights were not flickering, and posted it to the social media platform TikTok, where it received over 40,000 views.[15] As a result, Denny's Corporate Entities reached out to Plaintiff Kirnon for her address, and the Regional Franchise Director for one of Denny's corporate entities requested to speak with Plaintiff Kirnon "about what happened."[16] Thereafter, Chioke Elmore ("Elmore") called Plaintiff Kirnon and identified herself as "Vice President of 'Denny's.'"[17] Elmore offered Plaintiff Kirnon a free meal, and, as Elmore is herself a black woman, said to Plaintiff, "I look like you, and I wouldn't want to work here if they didn't want people like us to eat here."[18]

In addition to the instant matter, Plaintiffs point to several prior unrelated discrimination lawsuits occurring between 1991-2023 at various Denny's restaurants nationwide.[19] Moreover, Plaintiffs pleadings include two, one-star Google Reviews of the restaurant in question.[20] These two reviews, from reviewers identified only by their

---

12 *Id.*
13 *Id.* at ¶ 46.
14 *Id.* at ¶¶ 46, 47.
15 *Id.* at ¶¶ 48-51.
16 *Id.* at ¶¶ 53-54.
17 *Id.* at ¶¶ 6, 55.
18 *Id.* at ¶¶ 57, 60.
19 *Id.* at ¶ 30.
20 *Id.* at ¶¶ 33-34.

names Darian Link and Kim Thompson, both relate having poor service at the restaurant.[21] Specifically, the reviews describe long wait times for the reviewers and no apparent similar treatment for white customers in the restaurant.[22] The first review ends by concluding that their experience "may have been a little racist," and the second states that "I'm not positive on why we were treated differently and I hope it was not racial related even though it sure seemed that way."[23]

### C. Analysis

Defendant Gills Boomsburg moves to strike certain allegations from Plaintiffs' complaint, and all Defendants collectively move to dismiss Plaintiffs' amended complaint for failure to state a claim under Rule 12(b)(6). Each is addressed in turn.

#### 1. Motion to Strike

First, Defendant Gills Bloomsburg moves to strike various allegations from Plaintiffs' complaint.[24] Federal Rule of Civil Procedure 12(f) allows courts to "'strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'"[25] "'Immaterial' matter is that which has no essential or important relationship to the claim for relief . . . . '[i]mpertinent' matter consists of statements that

---

21 *Id.*
22 *Id.*
23 *Id.*
24 To note, the Court is granting Defendants' motion to dismiss Plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(6), but still addresses Defendants' motion to strike first in the hopes that, should Plaintiffs file a second amended complaint, Defendants will utilize the Court's guidance when determining whether to move to strike again.
25 *Wagner v. Holtzapple*, 101 F. Supp. 3d 462, 488 (M.D. Pa. 2015) (Brann, J.) (quoting FED. R. CIV. P. 12(f)).

do not pertain, and are not necessary, to the issues in question . . . . [and] [a] 'scandalous' matter or pleading is one that casts a derogatory light on someone, uses repulsive language, or detracts from the dignity of the court."[26]

"Motions to strike generally are viewed with disfavor and rarely are granted."[27] Indeed, "there appears to be general judicial agreement, as reflected in the extensive case law on the subject, that [motions to strike] should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy *and* may cause some form of significant prejudice to one or more of the parties to the action."[28] "Striking some or all of a pleading is therefore considered a drastic remedy to be resorted to only when required for the purposes of justice."[29]

When moving to strike, defendants must provide more than conclusory assertions that the pleadings will "cause prejudice."[30] This is especially so when the only prejudice alleged is confusion of the factfinder, and where there are future opportunities to correct such prejudice with proper motion practice at later stages.[31] Pleadings need not be struck merely because they would later be inadmissible as evidence at trial.[32]

---

26 *Id.* (internal citations omitted).
27 *Mifflinburg Telegraph, Inc. v. Criswell*, 80 F. Supp. 3d 566, 572 (M.D. Pa. 2015) (Brann, J.) (internal quotation omitted).
28 *Id.* (internal quotation omitted) (emphasis added).
29 *Tennis v. Ford Motor Co.*, 730 F. Supp. 2d 437, 443 (W.D. Pa. 2010) (internal quotation omitted).
30 *See Chan v. Barbour, Inc.*, 263 F. Supp. 3d 521, 265 (E.D. Pa. 2017).
31 *See Chan*, 263 F. Supp. 3d at 265 n.26.
32 *See, e.g., Walter v. Cumberland Valley Sch. Dist.*, 2009 WL 10717434, at *4 n.1 (M.D. Pa. Oct. 21, 2009); *Thompson v. Med-Mizer, Inc.*, 2011 WL 13141659, at * n.1 (E.D. Pa. Oct. 5,

Here, Gills Bloomsburg has not shown that any prejudice would result from the pleadings with which they take issue. Besides conclusory allegations that the pleadings at issue are "highly likely to prejudice Gills [Bloomsburg]," the main rationale provided by Gills Bloomsburg is that such pleadings are likely to confuse a jury.[33] However, any potential confusion could be largely or entirely constrained with appropriate argument or motions at summary judgment and, if it should prove necessary, at trial.[34] Generalized allegations that Plaintiffs' pleadings may confuse a jury do not rise to the level of prejudice necessary to render striking appropriate.

Additionally, Gills Bloomsburg makes an offhanded remark to the notion that the Pennsylvania Human Relations Commission ("PHRC")'s alleged probable cause finding in paragraph 28 would require further discovery. However, as Gills Bloomsburg is not moving to strike paragraphs 27 and 29, both of which discuss the same PHRC investigation, Gills Bloomsburg has not shown that paragraph 28 alone would create

2011) ("absent a showing of prejudice, courts do not strike averments in pleadings at this stage of a litigation simply because [the averments] may not later be admissible at trial.") (internal quotation omitted); *Jurista v. Amerinox Processing, Inc.*, 492 B.R. 707, 742-43 (D.N.J. 2013) (noting that "[e]vid𝑒ntiary questions . . . should especially be avoided at such a preliminary stage of proceedings" and declining to strike allegations merely because they could be inadmissible at trial.).

33 Doc. 36 at 3, 5, 8, 9. Gills Bloomsburg makes repeated reference to the fact that the pleadings are inadmissible hearsay; that fact alone does not require the Court to strike the pleadings. To quote Gills Bloomsburg's brief in support of the instant motion, this standard would have been revealed by "even some basic research from [Gills Bloomsburg's] counsel." Doc. 36 at 4. Instead, Gills Bloomsburg needed to point to specific undue prejudice.

34 *See DeLa Cruz v. Piccari Press*, 521 F. Supp. 2d 424, 435 (E.D. Pa. 2007); *See Chan*, 263 F. Supp. 3d at 525 n.26 ("To the extent the challenged allegations are potentially prejudicial and/or likely to confuse a fact-finder, the Court will have the ability to address these concerns through appropriate pretrial orders and/or careful jury selection.") (quoting *Airgood v. Twp. Of Pine*, 2016 WL 1247237, at *12 (W.D. Pa. Mar. 30, 2016)).

additional discovery. Nor has Gills Bloomsburg provided authority for the proposition that additional discovery is sufficiently prejudicial to require allegations be struck.[35]

Accordingly, Gills Bloomsburg has not shown that the allegations are so immaterial to the instant matter and prejudicial as to require them to be stricken. At the very least, Gills Bloomsburg has not met its burden to show "significant prejudice"[36] such that striking the allegation would be "required for the purposes of justice."[37] Accordingly, Gills Bloomsburg's motion to strike is denied.

### 2. Defendants' Motion to Dismiss

Plaintiffs bring three claims against Defendants: Count I, for racial discrimination in violation of 42 U.S.C. § 1981 ("§ 1981"), Count II, for racial discrimination in violation of Title II of the Civil Rights Act of 1964 ("Title II"), and Count III, for racial discrimination in violation of the Pennsylvania Human Relations Act ("PHRA") 43 P.S. § 951. Defendants move to dismiss all claims, arguing first that Denny's Corp. and Denny's Inc. are not proper defendants and, second, that Plaintiffs have failed to meet the substantive elements of their claims.

Preliminarily, there is an issue that Defendants did not raise but which must be addressed. Specifically, Plaintiffs' Count II claim seeks only compensatory damages, not injunctive relief.[38] Nor do Plaintiffs address or analyze the standard of relief for

---

[35] *See* Doc. 36 at 4, 5 (asserting that Gills Bloomsburg would need to conduct additional discovery because of these allegations, but nowhere providing authority suggesting that moderate additional discovery would require pleadings to be struck).

[36] *Mifflinburg Telegraph*, 80 F. Supp. 3d at 572.

[37] *Tennis*, 730 F. Supp. 2d at 443.

[38] Doc. 25 at ¶ 84.

injunctive relief under Title II in brief.[39] However, "Title II of the Civil Rights Act of 1964 allows only claims for injunctive relief, not those seeking damages, as [Plaintiffs] seek[] here."[40] Accordingly, Plaintiffs' Count II claim under Title II must be dismissed.

Turning now to the substance of remaining Counts I and III, a prima facie case[41] of discrimination under both 42 U.S.C. § 1981 and the PHRA requires a plaintiff to plead circumstances which could give rise to an inference of intentional discrimination.[42] Therefore, all claims against all Defendants rest on Plaintiffs' assertion that Defendants' employees deprived Plaintiffs of the opportunity to eat at the restaurant *because of* their race. Plaintiffs have not pled sufficient facts to raise an inference of intentional discrimination here, so Defendants' motion will be granted.

---

39 Doc. 47 at *passim*.

40 *Goode v. United States Dep't of Homeland Sec.*, 815 F. App'x 643, 645 (3d Cir. 2020); *see also Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402 (1968) ("When a plaintiff brings an action under [Title II], he cannot recover damages."); *Bartley v. Virgin Grand Villas*, 197 F. Supp. 2d 291, 297 (D.V.I. 2002).

41 While "[a] plaintiff need not make out a prima facie case in the complaint in order to survive a motion to dismiss," she still must "allege facts to show that discovery will reveal sufficient support of each element of the claim." *Diaz v. City of Phila.*, 670 F. Supp. 3d 174, 179 (E.D. Pa. 2023). *See also Comcast Corp. v. Nat'l Assoc. of African Am.-Owned Media*, 589 U.S. 327, 333 (2020) (holding that "a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right" but not determining whether the complaint provided sufficient factual allegations to render such a causation standard plausible in that specific case). Accordingly, the standard applicable here is whether Plaintiffs have pled sufficient factual allegations to render it plausible that racial discrimination occurred such that there is a reasonable expectation that discovery will reveal evidence of the necessary element. *See Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008).

42 *Comcast*, 589 U.S. at 341 (2020) ("To prevail [on a § 1981 claim], a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right."); *Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410 (3d Cir. 1999) (applying the same standard to PHRA claims as under § 1981 and Title VII); *see also* 43 Pa. Stat. Ann § 955 (making it unlawful to refuse or deny public accommodations to a plaintiff *because of* his race); *McIlmail v. Pa.*, 381 F. Supp. 3d 393, 411 (E.D. Pa. 2019) (noting the PHRA is interchangeable with Title VII suits, as both are analyzed under the *McDonnell Douglas* framework).

"'An inference of discrimination could be supported in a number of ways, including, but not limited to, comparator evidence, evidence of similar . . . discrimination of other employees, or direct evidence of discrimination from statements or actions by her supervisors suggesting . . . animus.'"[43] Comparator evidence involves a demonstration that "similarly-situated persons outside the protected class were treated more favorably" than the minority plaintiff.[44] "To be deemed 'similarly situated,' the individuals with whom a plaintiff seeks to be compared must 'have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct.'"[45]

Here, Plaintiffs have not pled sufficient evidence to raise an inference of intentional, race-based discrimination. First, Plaintiffs have not alleged any customers that were similarly situated to them, i.e. white customers who arrived at the same time as Plaintiffs. By Plaintiffs' complaint, the restaurant staff said that Plaintiffs could not be seated or order at the moment they arrived because of electrical power issues, but the customers Plaintiffs point to as comparators had all already been served at the time

---

43 *Sheehan v. Everstory Partners*, 815 F. Supp. 3d 357, 375 (E.D. Pa. 2025) (quoting *Hornby v. Endless Mtn. Behav. Health Ctr.*, 2025 WL 2713741, at *4 (M.D. Pa. Sept. 23, 2025) (Brann, J.)).

44 *Qin v. Vertex, Inc.*, 100 F.4th 458, 474 (3d Cir. 2024); *Burns v. Seaworld Parks & Ent., LLC*, 675 F. Supp. 3d 532, 543 (E.D. Pa. 2023) (applying this standard to § 1981 deprivation of contract interest cases).

45 *See Farnsworth v. Manor Healthcare Corp.*, 2003 WL 22597612, at *6 (E.D. Pa. Nov. 4, 2003) (referring to the similarly situated comparator analysis in the context of Title VII) (quoting in part *Anderson v. Haverford College*, 868 F. Supp. 741, 745 (E.D. Pa. 1994)); *see also Sarullo v. U.S. Postal Service*, 352 F.3d 789, 798 (3d Cir. 2003).

of Plaintiffs' arrival.[46] As such, Plaintiffs have not pointed to any relevant comparators without differentiating or mitigating circumstances because the timing of Plaintiffs' arrival relative to the purported power issues is an integral consideration for a comparator analysis.

Even if the customers in the restaurant could be considered similarly situated for the purpose of comparator evidence, "[w]ithout more, the mere existence of disparate impact does not prove purposeful discrimination."[47] Indeed, differential treatment of others outside the plaintiff's protected class is not sufficient, on its own, to raise an inference of discriminatory animus.[48] Instead, Plaintiffs must plead something that renders it plausible that they were refused service because of their race. Plaintiffs have not done so. Plaintiffs point to three main allegations in support of their claim of discrimination: Plaintiffs did not see any flickering lights in the restaurant; there were two prior Google reviews discussing poor service; and that Denny's corporate employees reached out to Plaintiffs after the incident. None of these allegations, together or individually, support a plausible inference of intentional discrimination.

First, Plaintiffs assert that there is an inference of discrimination because they were told the lights were flickering, yet they observed no flickering lights inside the

46 Doc. 25 at ¶¶ 43, 47 ("white customers were enjoying their meals").

47 *Shadle v. Pa. State Sys. of Higher Educ.*, 2025 WL 3296312, at *8 (M.D. Pa. Nov. 26, 2025) (Brann, J.) (quoting *Doe v. Williamsport Area Sch. Dist.*, 699 F. Supp. 3d 306, 323-24 (M.D. Pa. 2023)); *see also Williams v. Pennridge Sch. Dist.*, 782 F. App'x 120, 127 (3d Cir. 2019) ("[A]s we have repeatedly held, evidence of disparate treatment, alone, is insufficient to establish discriminatory intent.").

48 *Lynn v. Bank of New York Mellon*, 180 F. 4th 133, 141 (3d Cir. 2026).

restaurant. While Plaintiffs are not required to plead facts that "definitively rule out all possible innocent explanations,"[49] Plaintiffs must still plead sufficient facts to raise an inference that Defendants were lying about the claimed power issues in order to exclude Plaintiffs from the restaurant because of their race. Plaintiffs have not done so, instead concluding that, because Plaintiffs were excluded and because they were black, their race must have been a causal factor. However, that discrimination is but one of the many possibilities does not render it plausible, and mere conjecture about what occurred is insufficient to survive a motion to dismiss.[50]

Next, Plaintiffs plead two prior Google reviews which describe poor service at the restaurant and which mention race.[51] The two reviews are similar: both describe poor service, explain that the reviewers were minorities, and question if the poor

---

49 *Brooks v. State College Area Sch. Dist.*, 707 F. Supp. 3d 448, 470 n.190 (M.D. Pa. 2023).

50 *See In re Florimonte*, 558 B.R. 703, 706 (M.D. Pa. 2016); *Hrkach v. Samsung Elecs. Am., Inc.*, 822 F. Supp. 3d 526, 532 (E.D. Pa. 2026) (both quoting *Twombly*, 550 U.S. at 557)).

Plaintiffs' allegations are insufficient to raise an inference of racial discrimination. To see why, consider that, were the Court to hold that Plaintiffs' allegations stated a plausible claim, Plaintiffs could substitute any protected characteristic in the place of race and survive a motion to dismiss. For instance, Plaintiffs could claim they were excluded because they were women, and their factual allegations need not be changed at all to support their current arguments. The mere fact that minority Plaintiffs were not served at the time they entered the restaurant cannot be itself sufficient to support an allegation of discrimination, or else any claim based solely on disparate treatment could survive. Such a finding would be in direct contrast to the Third Circuit's express guidance otherwise. *See Williams*, 782 F. App'x at 127.

51 Plaintiffs do not address the Google Reviews in their brief in opposition. Doc. 47 at *passim*. However, as the reviews are a prominent part of the complaint, the Court will consider them for efficiency's sake. Should Plaintiffs choose to submit a second amended complaint, the Court would encourage Plaintiffs not to dwell on these reviews, as, for the reasons enumerated *infra*, the reviews as pled do nothing to suggest intentional discrimination occurred in the instant case.

treatment was racially motivated.[52] These reviews do nothing to raise an inference of discrimination in Plaintiffs' case, however, as Plaintiffs fail to connect these prior guests' experiences with Plaintiffs' experience. For instance, Plaintiffs do not plead that these prior, unknown guests were served by the same employees, nor that there was some overarching conspiracy between the restaurant employees to invidiously discriminate.[53] Without some connection between these prior reviews to the instant case, the reviews do nothing to show the state of mind of specific employees, Gills Bloomsburg as a restaurant, or Denny's as a larger corporation.[54]

Finally, Plaintiffs assert that a phone call from one of Denny's corporate employees, Elmore, who identified herself as "a Vice President" of "Denny's," perpetuated racial discrimination.[55] Specifically, Plaintiffs assert that in this conversation, Elmore requested to "speak 'about what happened'" with Plaintiff Kirnon, offered Plaintiffs a free meal, and said to Plaintiff Kirnon, "I look like you, and

---

[52] Doc. 25 at 7-9.

[53] The two reviews additionally suffer from largely the same deficiencies as Plaintiffs' complaint, as they both describe poor service and assert in a conclusory way that race may have been a motivating factor. Were Plaintiffs to connect a pattern of similar occurrences to the instant one, it may be that such a pattern could raise an inference of discrimination. However, because Plaintiffs have in no way connected these prior instances to the current one by pleading that it was the same waitstaff or that there was racist modus operandi by the company, the issue need not be addressed now.

[54] *See Martinelli v. Penn Millers Ins. Co.*, 269 F. App'x 226, 228 (3d Cir. 2008) (noting that evidence of prior acts can suggest discriminatory intent, but not where past conduct is unclear in nature or dissimilar to the conduct at issue).

So too do the prior lawsuits against Denny's restaurants nationwide that Plaintiffs plead fail to show an inference of discrimination in this specific case, as Plaintiffs have not pled that any of them occurred at Gills Bloomsburg, were perpetuated by the same waitstaff, or had any underlying management or corporate connection. Doc. 25 at ¶ 30.

[55] Doc. 25 at ¶¶ 55, 57.

I wouldn't want to work here if they didn't want people like us to eat here."[56] Plaintiffs assert that Elmore was "attempt[ing] to gaslight Plaintiff Kirnon" and that this call was "itself a direct part of the discriminatory conduct" because "Denny's Corporate Entities [were] willing and eager to step in and provide cover for racial discrimination."[57] However, Plaintiffs' characterization of this phone call is far from a reasonable inference from the factual pleadings. The facts as pled are that one of Denny's corporate entities' employees reached out to talk to Plaintiff Kirnon about Plaintiffs' experience, offered Plaintiffs a free meal, and asserted that no intentional discrimination occurred. It is unreasonable to conclude from these actions that any or all Defendants had discriminatory animus towards Plaintiffs. Accordingly, these pleadings do nothing to provide support for a plausible inference of intentional discrimination.

In opposition to Defendants' motion, Plaintiffs point to *Wright-Phillips v. United Airlines, Inc.* to assert that an inference of discrimination is plausible here, but *Wright-Phillips* does not provide the support that Plaintiffs claim.[58] In *Wright-Phillips*, a flight attendant treated the plaintiff "dismissively," told her "don't you dare speak to me like that," and took multiple other actions which implied racial discrimination.[59] Specifically, the flight attendant provided beverage service to a white passenger in the plaintiff's row but not the plaintiff; asked a different white passenger if they were okay

---

56 *Id.* at ¶¶ 54, 57, 60, 61.

57 *Id.* at ¶¶ 60-61.

58 2021 WL 1221111, at *9 (D.N.J. Apr. 1, 2021). Both parties rely almost entirely on similarly unpublished and/or out of district cases which are not sufficiently factually similar to render them persuasive. *See, e.g.,* Doc. 44 at 21-24, Doc. 47 at 19-23, Doc. 50 at 15-18.

59 *Id.*

after the altercation between the plaintiff and the flight attendant; and had a black flight attendant switch to serving the plaintiff for the remainder of the flight.[60] Indeed, the court in *Wright-Phillips* held that there was an inference of discriminatory intent because there was "no reasonable basis for such treatment" and a "markedly different interaction with the white passenger[s]."[61] In contrast, the Plaintiffs here have only pled that they were informed they could not be served at the time they arrived due to electrical power issues, and have not pointed to other circumstantial considerations which could give rise to an inference of discrimination as occurred in *Wright-Phillips*.[62]

Accordingly, Plaintiffs have not pled sufficient facts to raise an inference of intentional discrimination in this case. As this is a required element for both Plaintiffs' PHRA and § 1981 claims, Defendants' motion to dismiss is granted.[63]

---

60 *Wright-Phillips*, 2021 WL 1221111, at *2, 8-9.

61 *Id.* at *10.

62 The parties additionally argue over the similarity of the instant matter to another unpublished out-of-district case, *Shan v. United Airlines*. Doc. 44 at 22, Doc. 47 at 21; *see Shan*, 2022 WL 4596722, at *4 (D.N.J. Sept. 30, 2022). In that case, the plaintiff was ordered off a plane, but the Court held that discriminatory intent could not be inferred merely because the captain ordered the plaintiff, and not any other white passengers, off the plane. *Id.* at *4. Defendants have the edge in this analysis. The white passengers on the plane in *Shan* are equivalent to the white customers in Denny's who were already seated; just as the ordering of the plaintiff off in *Shan* does not give rise to an inference of discrimination, so too do Plaintiffs' allegations fail. The mere fact that Plaintiffs were told they could not be seated when they arrived does not, without more, raise an inference of discriminatory intent.

63 Accordingly, given that Plaintiffs' substantive deficiencies permeate all claims against all Defendants, the Court need not address the questions of vicarious liability for the corporate defendants. However, should Plaintiffs file a second amended complaint which provides sufficient factual pleadings on the underlying claims, both parties should further address the issue of apparent authority. Specifically, while Defendants claim that "[t]he law in this circuit and nationwide is clear," the best authority provided by both parties for Pennsylvania law on apparent authority is *Loyle v. Hertz Corp.*, 940 A.2d 401 (Pa. Super. Ct. 2007), which, from a cursory review, the Court sees as controlling law for the instant case.

"The Federal Rules of Civil Procedure do not address the situation in which a deficiency in a complaint could be cured by amendment but leave to amend is not sought."[64] But the law in the Third Circuit is clear that leave to amend should be "freely given" regardless of whether leave is specifically requested.[65] As such, Plaintiffs will be given leave to amend.

## III. CONCLUSION

Gills Boomsburg's motion to strike is denied. Defendants' motion to dismiss is granted. Plaintiffs may file an amended complaint, should they choose to do so, within fourteen days from today's date. If no amended complaint is filed, the action will be subject to dismissal with prejudice.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

64 *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000).
65 *Id.* (quoting FED. R. CIV. P. 15(a)).